ASSUMPSIT for work and labor with the usual pleas. The plaintiff was a colored woman and had been owned and held as a slave for life by the defendant for many years *Page 17 
prior to the adoption of the thirteenth amendment of the constitution of the United States, and afterward voluntarily remained in his service and continued to work and labor in his family as a domestic servant until the 10th day of April, 1868, when she voluntarily left it without any complaint or demand of wages, and without any objection, or effort on the part of the defendant or his family to prevent her leaving or to induce her to remain in it. It further appeared that he had never said anything to her, nor she to him, in the meanwhile, in regard to the abolition of slavery or her freedom under the operation of the constitutional amendment, but he knew from her deportment that she was well aware of the fact that she was free, for she left and returned to his house at her will and pleasure, and without saying anything to him about it, which she had never done before, and without any complaint or remonstrance on his part, for he had never requested her to remain, or not to go, but had ever since considered her at liberty to leave his house and service entirely, whenever she pleased. He had in the meantime, however, clothed and maintained her, and paid for medicine and for the attendance of physicians upon her when she was sick, the same as he had before when she was his slave. The sum demanded by her in the action was at the rate of two dollars per week for one hundred and forty-two weeks.
In addition to the defendant who was called and examined as a witness for the plaintiff, a daughter and a sister of hers were also called as witnesses for her.
T. F. Bayard, for the defendant, objected to the competency of each of them on the ground that they were negroes and were not admissible under the statute of the State to testify in any civil action in which a white person was a party.
But the Court overruled the objection on the ground that the amendment of the constitution and the act of Congress, entitled the "civil rights bill," had removed the disability *Page 18 
imposed upon them for that reason by our statute, and rendered them competent witnesses in the case.
Spruance, for the plaintiff. The action was in indebitatus assumpsit, and on the facts proved it would lie without any proof of an express promise or contract on the part of the defendant to pay the plaintiff for her services after she became a free woman, what they may have been reasonably worth to him in the opinion of the jury upon the evidence which they had heard in regard to the value of them, and which were moderately charged for, as the evidence had shown, at the rate of two dollars per week.
Bayard, for the defendant. The pre-existing relation between the parties which had been that of master and slave, and which had been suddenly terminated and abolished without any act or action on the part of either of them, having been of such a character as to preclude the possibility in law of any contract, either express or implied, between them whilst it continued, the question was whether upon that sudden termination and extinguishment of it, the plaintiff voluntarily continuing of her own free will and accord under the roof and in the family of the defendant and performing just such service for him, without any effort or inducement on his part to retain her in his family or in his employ, and without any promise or expectation even, on his part to pay her for such services as she thus voluntarily chose to perform in his household while so remaining in it of her own accord, and without any contract, agreement, or understanding whatever between them that she was to perform them, or that he was to pay her for them, — whether upon such an extraordinary state of facts either law or equity would or could imply a promise on his part to pay her any thing for them. On the contrary, were not the facts and circumstances of such a character as to actually negative and rebut any such presumption or implication merely? Had she originally entered his service as a free woman, of course, everybody, as well as the *Page 19 
law, would have presumed that she was there for hire, and was to be paid for what she did, until the contrary was proved, or admitted by her. But who, under all the facts proved in this case, could have even supposed that either she intended to charge, or that the defendant expected to pay, or to be subject to be sued by her for her services as soon as she left there? But if the action of indebitatus assumpsit would lie in the case, the plaintiff could only recover such compensation as her services were worth to the defendant in the estimation of the jury upon all the facts and circumstances proved in the case, and under the plea of set off that would be subject to such deduction as they should consider the clothes supplied her and the medical attendance and medicine paid for her by the defendant were reasonably worth.
Spruance replied.
The Court,
That the action would lie notwithstanding there was no proof of any agreement or understanding between the parties in regard to the matter during the time the plaintiff was performing services in the family of the defendant after the adoption of the thirteenth amendment of the constitution of the United States, when she became a free woman under the operation of it, and notwithstanding there was no proof of an express promise by the defendant to pay her for it, for even under the facts and circumstances referred to and proved in the case, the law would imply a promise on his part to pay her for the services as much as they were reasonably and justly worth to the defendant, and of which the jury must judge from the evidence before them on that point; but it would be subject to a proper deduction for the clothes furnished and the expenses incurred by the defendant for medical attendance and medicine on her account during the time she was so serving him, to be ascertained and determined by the jury in the same manner.
 The plaintiff had a verdict. *Page 20